**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**AUGUSTINE CORTEZ,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No.  16-1186** (BOR Appeal No.20051380)
(Claim No. 2012021279 )

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Augustine Cortez, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

The issue on appeal is the permanent partial disability award. On December 9, 2014, the claims administrator granted 0% permanent partial disability. The Office of Judges affirmed the claims administrator in its June 16, 2016, Order. The Order was affirmed by the Board of Review on November 21, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cortez, a flooring specialist, injured his low back on December 31, 2011, when he was moving boxes of laminated flooring. The claim was originally held compensable for a lumbar sprain/strain on January 10, 2012. On May 8, 2012, Mr. Cortez underwent an L2-L3 anterior lumbar interbody fusion on the diagnosis of L2-L3 herniated nucleus pulposus and spondylolisthesis. In addition to the fusion, the procedure included anterior interbody cage and pedicles screws, including removal of old hardware at L3 and L5 and replacement with new hardware. On April 1, 2013, the Office of Judges held the claim compensable for the additional

1

diagnoses of herniated disc/intervertebral disc disorders and a retrolisthesis(spondylolisthesis) of L2 on L3.[1]

ChuanFang Jin, M.D., performed an independent medical evaluation on January 14, 2014. Mr. Cortez told Dr. Jin he was injured on December 31, 2011, when he was restacking boxes that had fallen onto a skid. The boxes weighed about forty pounds each. As he was picking up the boxes, he twisted and while doing this, he felt a sudden, sharp pain in his lumbar spine and his right leg went numb. He received emergent treatment that day, and was referred to James Chadduck, M.D. Dr. Chadduck performed an L2-L3 fusion surgery in May of 2012 and then a surgery to remove the hardware from the fusion in May of 2013. Mr. Cortez advised his leg problems were completely resolved after the surgery, although he continued to have constant lower back pain. Dr. Jin noted Mr. Cortez had undergone a total of five surgeries on his lumbar spine, including L2-L3 and L4-L5 laminectomies in 2001 and 2002; an L3-L4 and L4-L5 fusion in 2004; the 2012 lumbar fusion; and the 2013 hardware removal. Dr. Jin diagnosed history of previous lumbar spine injury and multiple lumbar spine disc surgeries, including laminectomy, discectomy and multiple level fusion from L3 through L5; history of probable mechanical back injury in December of 2011 with a diagnosis of lumbar sprain/strain under the claim; and pre-existing chronic degenerative lumbar disk disease. Dr. Jin completed the Low Back Examination Questionnaire as a part of her evaluation of the claimant.

On March 5, 2014, Dr. Jin prepared a supplemental report regarding her January 14, 2014, evaluation of Mr. Cortez. Dr. Jin assessed 19% whole person impairment. She then referred to the West Virginia Code of State Rules and adjusted the whole person impairment according to Rule 20. She placed Mr. Cortez in lumbar Category IV of Table 85-20-C and assessed 20% whole person impairment. She noted Mr. Cortez had a previous lumbar fusion at L3-L4 and L4-L5, and therefore the pre-existing impairment had to be apportioned. She opined Mr. Cortez would have had 20% whole person impairment due to the prior fusion. Therefore, he had no additional impairment due to the 2012 fusion. She assessed 0% impairment due to the December 31, 2011, injury.

Christopher Martin, M.D., performed an independent medical evaluation of Mr. Cortez on October 13, 2014. Mr. Cortez provided Dr. Martin with the same injury and medical histories that he had provided Dr. Jin. Dr. Martin noted Mr. Cortez had undergone a total of five surgeries on his lumbar spine, including L2-L3 and L4-L5 laminectomies in 2001 and 2002 and then an L3-L4 and L4-L5 fusion in 2004. In Dr. Martin's opinion, Mr. Cortez experienced a lumbar strain/sprain type injury on December 31, 2011. Dr. Martin also diagnosed spondylolisthesis, but opined it was not related to the work injury. Dr. Martin assessed 19% whole person impairment. He then referred to the West Virginia Codes of State Rules and adjusted the whole person impairment according to Rule 20. He placed Mr. Cortez in the lumbar Category IV of Table 85-

---

[1] In *Lowe's Home Centers, Inc. v. Augustine Cortez* No. 13-1075 (W.Va. Supreme Court of Appeals, December 2, 2014)(memorandum decision), we affirmed the addition of herniated, retrolisthesis, and intervertebral disc disorder as compensable conditions and affirmed the authorization of fusion surgery.

20-C and assessed 20% whole person impairment based on the lumbar fusion. Dr. Martin completed the Low Back Examination Questionnaire as part of his evaluation.

On December 3, 2014, Dr. Martin completed a supplemental report regarding his October 13, 2014, evaluation of Mr. Cortez. Dr. Martin apportioned the entire 20% impairment to Mr. Cortez's prior two level fusion. He opined that Mr. Cortez had 0% whole person impairment with respect to the work-related injury. On December 9, 2014, the claims administrator granted 0% permanent partial disability based on Dr. Martin's evaluation and reports.

Joseph A. Snead, M.D., performed an independent medical evaluation on September 9, 2015. Mr. Cortez provided Dr. Snead with the same injury and medical history as he did to Dr. Jin and Dr. Martin. Dr. Snead's diagnosis was status postoperative spine fusion for L2-L3 disc herniation. Dr. Snead assessed 23% whole person impairment. He attributed the entire impairment to the most recent injury since Mr. Cortez had returned to work after the first fusion surgery in 2004. Dr. Snead did not complete the Low Back Examination Questionnaire as part of his evaluation.

The Office of Judges affirmed the claims administrator's award of 0% permanent partial disability in its June 16, 2016, Order. It noted that Dr. Jin, Dr. Martin, and Dr. Snead assessed Mr. Cortez's permanent impairment. Dr. Jin and Dr. Martin assessed 0% impairment for the December 31, 2011, work injury. Dr. Snead assessed 23% WPI due to the work injury. The Office of Judges found that Dr. Snead failed to include the low back form with his evaluation. This is required by West Virginia Code of State Rules §85-20. Both Dr. Jin and Dr. Martin included the required form with their evaluations. The Office of Judges also found that Dr. Snead did not consider Mr. Cortez's prior injuries and resulting surgeries in arriving at his assessment of 23% whole person impairment. West Virginia Code of State Rules §85-20-66.4 (2006) states "to the extent that factors other than the compensable injury may be affecting the injured worker's whole body medical impairment, the opinion stated in the report must, to the extent medically possible, determine the contribution of those other impairments whether resulting from an occupational or a nonoccupational injury, disease, or other cause." As Dr. Snead failed to include the low back form evaluation, and failed to consider the claimant's prior injuries and surgeries, the Office of Judges found his report unreliable. Therefore, it relied on the opinion of Dr. Martin, who assessed 0% whole person impairment. It found his report to be the most credible. Dr. Martin evaluated Mr. Cortez after the additional compensable conditions were added, he included the low back form with his evaluation, and he took into account the factors other than the compensable injury that affected the whole person impairment.

In its November 21, 2016, decision the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges. After review, we agree with the Board of Review. The Office of Judges properly weighed the evidence and found Dr. Martin's opinion to be the most credible. The impairment resulting from the first injury and surgery "shall not be taken into consideration in fixing the amount of compensation allowed by reason of the subsequent injury". See *West Virginia Code §23-4-9(b) (2006)* Moreover, the degree of pre-existing impairment does not have to be "definitely ascertained or rated prior to the injury received in the course of and resulting from the employee's employment " and "the degree of the pre-existing impairment may

be established at any time by competent medical or other evidence." *Id.* Dr. Martin evaluated Mr. Cortez after the additional compensable conditions were added, he included the low back form with his evaluation report, and he properly addressed the impairment that resulted from the first fusion surgery. The Office of Judges reliance on his opinion was not misguided.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 10, 2017**

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker